UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


KEVIN RAZZOLI.                              :
                                            :
            Plaintiff                       :
                                            :
        v.                                  : CIVIL NO. 3:CV-06-1485
                                            :
FEDERAL BUREAU OF PRISONS,                  : (Judge Kosik)
et al.,                                     :
                                            :
            Defendants                      :

**M E M O R A N D U M**

## I.    Introduction

        Kevin Razzoli, an inmate currently confined at the United States Penitentiary at

Allenwood, Pennsylvania, originally filed this case under the Privacy Act, 5 U.S.C.

552a, in the United States District Court for the District of Columbia on August 24,

2005.  Named as Defendants are the Federal Bureau of Prisons ("BOP"), the United

States Parole Commission ("USPC") and the United States Probation Departments in

Washington, D.C. and Chicago, Illinois.  In the complaint, Plaintiff contends that

Defendants violated the Privacy Act when they willfully and knowingly failed to

maintain accurate records which, as a consequence, resulted in adverse

determinations being made against him.  Specifically, he refers to alleged falsified

records relied upon (1) which caused him to be placed in the Special Housing Unit at

FCI-Allenwood as well as (2) which were used to make a parole determination.  As relief, he seeks damages and expungement of certain records.

On January 10, 2006, upon consideration of a motion to transfer/motion to dismiss filed by Defendants, the District of Columbia transferred the case to this court.  Resolution of the motion to dismiss was reserved for decision by this court. Plaintiff appealed the transfer order to the United States Court of Appeals for the District of Columbia Circuit.  On June 19, 2006, the Court of Appeals issued an Order finding that the District of Columbia court did not abuse its discretion in transferring this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Presently pending before this court for resolution are Plaintiff's motion for preliminary injunction (Doc. 5) and motion to expedite this civil action (Doc. 6.) Also pending is Defendants' motion to dismiss (Doc. 11).

## II.    Background

Plaintiff has filed at least nine (9) actions in this court.  A condensed version of the factual background will be set forth, as gathered from not only the instant action, but also the dockets in the other cases, in an effort to set the stage for a discussion of the instant claims.[1]  On December 1, 1987, Plaintiff received a General Court-Martial

---

[1]  Specifically, the court relies on the factual background sections as set forth in the following prior actions filed with this court: Razzoli v. FCI Allenwood, et al., Civil No. 04-2495 (Doc. 88) and Razzoli v. U.S.Navy, et al., Civil No. 06-1834. (Doc. 45).

from the United States Navy.  Specifically, he was found to have attempted to murder

another member of the Navy, willfully hold this person against his will, and

wrongfully impede his trial by court-martial.  He was sentenced to 25 years

imprisonment. Between November of 1998 and February of 2001, the Naval

Clemency and Parole Board ("NCPB") reviewed his case and did not grant clemency.

Plaintiff's parole was not reviewed by the NCPB because he was transferred to a

Federal Correctional Institution on July 13, 1990.

Plaintiff has been paroled on four (4) occasions.  On each occasion, he has

violated parole, and parole was subsequently revoked.[2]  He was last paroled on July

27, 2006, to this district from USP-Beaumont, Texas.  Less than one week later, he

violated parole conditions which ultimately resulted in the revocation of his parole.

He was sentenced to 14 months of imprisonment with a presumptive parole date of

October 3, 2007.

Plaintiff filed the instant action wherein he basically reasserts many of the

allegations underlying his former lawsuits in this court, and uses them as a basis for

attempting to establish a cause of action under the Privacy Act, 5 U.S.C. § 552a.

While his complaint is both confusing and disjointed, the following allegations have

---

[2] This court's Memorandum and Order issued on January 11, 2006, in
Razzoli's previously filed habeas corpus action, Razzoli v. FCI Allenwood, Civ. No.
3:CV-04-2495 at 2-10, thoroughly sets forth the lengthy parole history with regard to
the first three releases on parole.

been extracted.  He argues that on February 9, 2004, he was improperly arrested by

United States Parole Officers without an arrest warrant in violation of the Fourth

Amendment.  He states that on April 22, 2004, he signed an expedited parole

revocation agreement which established the fact that he was going to be released on

parole on September 28, 2004.  He states that this agreement was approved by Judge

Carol Amon of the Eastern District Court of New York.  He claims that on June 29,

2004, he was transferred to FCI-Allenwood where records were falsified and resulted

in his placement in the "hole" for retaliation purposes for filing a civil action (Civil

No. 00-1417) in this court in April of 2001.  He claims that on August 10, 2004, he

was ordered "locked up" again based upon a false and erroneous retaliatory incident

report charging him with threats of bodily harm against Case Manager Dewey.  He

claims that the false incident report was thereafter used by the USPC to retard his

release date from September 28, 2004 (the date he claims was guaranteed by the

expedited parole agreement he previously signed) to November 27, 2004.  He claims

that the USPC has continuously manipulated language in his parole records to draw

an adverse determination.  Plaintiff alleges that in June of 2005, US Parole Officer

France-Smith of Chicago used "manufactured documents" in his file to make an

adverse determination.  Based on the foregoing, Plaintiff contends that his rights

under the Privacy Act were violated and he requests relief in the form of millions of

dollars and the expungement of certain records.

4

## III.   Discussion

### A.   Motion for Injunctive Relief (Doc. 5)

On October 5, 2006, Plaintiff filed a motion requesting this court to order Defendants to "cease and desist" in denying him phone privileges, confiscating his commissary account funds and limiting his visits.  He also appears to claim he is denied the ability to photocopy documents in order to meet the court's filing requirements.

In determining whether to grant a motion seeking preliminary injunctive relief, the Third Circuit has delineated the following four factors: (1) that there is a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the court denies relief; (3) that even greater harm will not befall the non-moving party if the court should grant relief; and (4) that granting preliminary relief will be in the public interest. Forum For Academic and Institutional Rights v. Rumsfeld, 390 F.3d 219, 228 (3d Cir. 2004; S& R Corp. v. Jiffy Lube Intern., Inc., 968 F.2d 371, 374 (3d Cir. 1992)(citing Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197-98 (3d Cir. 1990).  The moving party bears the burden of demonstrating these factors. See Dorfman v. Moorhous, Civ. A. No. 9306120, 1993 WL 483166 at *1 (E.D. Pa. Nov. 24, 1993).

Having reviewed the record in light of the standard articulated above, the court concludes that injunctive relief is unwarranted.  Specifically, the court finds that

Plaintiff first fails to demonstrate his likelihood of success on the merits.  While he alleges that he is being improperly denied certain privileges including use of the phone and visiting, this court has previously found that these restrictions were the result of sanctions imposed following the "shank" incident, as thoroughly discussed in this court's previous Memorandum and Order of January 11, 2006, in Civil Action No. 3:04-2495.  In said opinion, the court addressed Plaintiff's claim that a shank was "planted" in his cell in an effort to thwart his release on parole.  It was found that any challenge to the disciplinary hearing proceedings and resulting sanctions had to be administratively exhausted, and thereafter pursued in a separate lawsuit.  It was further found that any challenge to the retardation of his parole based upon the guilty finding regarding the new incident report would stand based on the unchallenged DHO proceedings.  Plaintiff cannot attempt to "come in the back door" and attack the sanctions imposed following the disciplinary hearing by pursuing injunctive relief in this action.

Further, any argument by Plaintiff that he is denied supplies, phone use or copying ability is undermined by both a review of the docket in this case, and the fact that Plaintiff places phone calls to chambers on occasion.  Accordingly, the request for injunctive relief will be denied.

### B.    Motion to Expedite Civil Action (Doc. 6)

Plaintiff has also filed a motion complaining that this action was filed a long

time ago and thereafter transferred to this court, and that service of the complaint

must be expedited and a trial date set.  First, while the procedural history of the case

as gleaned from the docket entries in the United States District Court for the District

of Columbia is a bit confusing, it is clear that the complaint was served on

Defendants.  Returns of service of the summons and complaint were executed and

filed in September of 2005.  Further, as Defendants filed a motion for transfer/motion

to dismiss the complaint, it is evident they were served with the complaint in this

action.  To the extent Plaintiff requests the scheduling of a trial date, any such request

is premature, particularly in light of the unresolved pending motion to dismiss the

complaint.  Accordingly, the motion to expedite will be denied.

### C.    Motion to Dismiss (Doc. 11)

Defendants have filed a motion to dismiss the complaint.  The motion is briefed

and ripe for consideration.  In considering a Rule 12(b)(6) motion to dismiss, the

district court must accept as true the factual allegations in the complaint and draw all

reasonable inferences in favor of the plaintiff.  Allah v. Seiverling, 229 F.3d 220, 223

(3d Cir. 2000). However, "the court need not accept inferences drawn by plaintiff if

such inferences are unsupported by the facts set out in the complaint.  Nor must the

court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A motion to dismiss

may be granted only where the allegations fail to state any claim upon which relief

may be granted.  See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d

Cir. 1997).  Dismissal is warranted if a complaint does not plead "enough facts to

state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly,

127 S.Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations

in the complaint "must be enough to raise a right to relief above the speculative

level."  Twombly, 127 S.Ct. at 1965.

Plaintiff asserts claims under the Privacy Act, 5 U.S.C. § 552a.  The Privacy

Act requires agencies to maintain accurate records and provides individuals with

certain safeguards, including the right to require correction of inaccurate records.

The Act authorizes civil actions to enforce the amendment and accuracy

requirements, and provides for monetary damages, costs and attorney's fees where the

inaccurate record has resulted in an adverse determination and the agency is shown to

have acted intentionally and willfully. Toolasprashad v. Bureau of Prisons, 286 F.3d

576, 581 (D.C. Cir. 2002).

Plaintiff bases his claims on several occurrences wherein the Defendants

allegedly falsified records in an effort to sanction Plaintiff and retard his parole date.

In moving to dismiss the complaint, Defendants raise several arguments.  They argue

that Defendants are exempt from the amendment requirement under the Privacy Act.

As a general rule, a person has a right to request correction of inaccurate agency

records.  See 5 U.S.C. § 552a(d)(2).  The legislation, however, allows for the

exemption of law enforcement records from the amendment requirement, see 5 U.S.C. § 552a(j)(2), and the Commission has exempted itself from the record-amendment requirements of the Privacy Act.  See Fendler v. U.S. Parole Commission, 774 F.2d 975, 979 (9th Cir. 1985); Buxton v. U.S. Parole Commission, 844 F.Supp. 642, 644 (D. Ore. 1994); 28 C.F.R. § 16.85(a)(2).

Likewise, the Bureau of Prisons has promulgated exemptions to the Privacy Act. See 28 C.F.R. § 16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998).  Specifically, the BOP has exempted its Custodial and Security Record System and its Inmate Central Record System from the Privacy Act's amendment and expungement requirement. Id., §§ 16.97(a)(1) and (a)(4).

Even if Defendants were exempt from the amendment requirement of the Privacy Act, they would not be exempt from the accuracy requirements set forth in § 552a.  However, Defendants argue that Plaintiff fails to state a claim with regard to any challenge that Defendants violated the Privacy Act by intentionally failing to maintain accurate records.  Defendants contend that Plaintiff relies on arguments he previously asserted in this court which clearly do not support his Privacy Act violation claims.  Defendants' argument is well taken for the following reasons.

In the instant action, Plaintiff contends that he was arrested by United States Parole Officers pursuant to a false arrest warrant that violated the Fourth Amendment. He claims that he signed an expedited parole revocation agreement approved by a

district court judge that was not honored due to Defendants' manufacturing of a false incident report for allegedly threatening his prison case manager.  He claims that the USPC used the false report to retard his parole release date.  These claims are all asserted in support of Plaintiff's contention that the Privacy Act has been violated by Defendants.

However, the claims upon which Plaintiff relies have previously been addressed in this court and found to be without support.  In the matter of <u>Razzoli v. FCI Allenwood, et al</u>., Civil Action No. 04-2495, this court addressed Plaintiff's claims regarding the expedited parole revocation agreement and the subsequent retardation of the parole date.  (Doc. 88, 1/11/06 Memorandum and Order.)  The court found that Plaintiff's challenges to the expedited parole agreement had previously been litigated in the New York District Court, found to be without merit and that they could not be argued anew in this court.  (<u>Id</u>. at 13.)  This court specifically addressed Plaintiff's claim that a false incident report was manufactured by Defendants based upon retaliation for court actions he had filed, specifically, the incident report charging him with interfering with Case Manager Dewey during the performance of his duties.  The court found that any challenge to the DHO proceedings would have to be pursued in a separate lawsuit.  As of this date, it does not appear that Plaintiff has ever done so.  Further, the court found that based upon the record, there was no evidence to suggest that the effective parole date was retarded by the Commission for

any reason other than the fact that Plaintiff did not have a satisfactory release plan in effect or any other impermissible reason.

Based upon the previous lawsuits filed by Plaintiff in this court, and the court's findings with regard to the issues raised therein by him, Plaintiff cannot now attempt to relitigate those claims in the context of a Privacy Act lawsuit. His claims are subject to dismissal on this basis. Accordingly, the motion to dismiss will be granted. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


KEVIN RAZZOLI,                          :
                                        :
            Plaintiff                   :
                                        :
      v.                                : CIVIL NO. 3:CV-06-1485
                                        :
FEDERAL BUREAU OF PRISONS,              : (Judge Kosik)
et al.,                                 :
                                        :
            Defendants


**O R D E R**

_____**NOW, THIS 7ᵗʰ DAY OF SEPTEMBER, 2007,** in accordance with the

foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

> 1.    Plaintiff's Motion for Injunctive Relief (Doc. 5) is **denied**.

> 2.    Plaintiff's Motion to Expedite (Doc. 6) is **denied**.

> 3.    Defendants' Motion to Dismiss (Doc. 11) is **granted**.  All claims against
>        Defendants are dismissed.

> 4.    The Clerk of Court is directed to **close this case**.

> 5.    Any appeal from this Order will be deemed frivolous, without good
>        cause, and not taken in good faith.


*/s/ EDWIN M. KOSIK*
United States District Judge